```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


THANH QUAN HA,                  §
TDCJ #921837,                   §
                                §
              Petitioner,       §
                                §
v.                              §   CIVIL ACTION NO. H-04-2543
                                §
DOUGLAS DRETKE,                 §
                                §
              Respondent.       §
```

**MEMORANDUM OPINION AND ORDER**

Petitioner, Thanh Quan Ha, proceeding pro se, filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction. Pending before the court is Respondent Douglas Dretke's Motion for Summary Judgment with Brief in Support (Docket Entry No. 12), to which petitioner filed an answer (Docket Entry No. 13). For the reasons set forth below, the court will grant respondent's motion for summary judgment and deny petitioner habeas corpus relief.

**I. Procedural History and Claims**

The Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) has lawful custody of Ha pursuant to a 2000 judgment for aggravated robbery. The State of Texas v. Thanh Quan Ha, No. 806195 (179th Dist. Ct., Harris County, Tex.). On April 26, 2000, Ha was sentenced to twenty-five years in prison

and was assessed a $10,000 fine.  (Docket Entry No. 11, Reporter's Record Vol. 8, pp. 3-4)

The Texas Court of Appeals affirmed Ha's conviction on July 9, 2001.  Ha v. State, 2001 WL 764968 at *1 (Tex. App. -- Amarillo 2001, pet. ref'd).  Ha's Petition for Discretionary Review was refused by the Texas Court of Criminal Appeals on January 9, 2002.  Ex parte Ha, No. 1499-01 (Tex. Crim. App.).  Ha filed a state application for a writ of habeas corpus challenging his conviction on December 2, 2002.  Id., No. 806195-A.  The Texas Court of Criminal Appeals denied this petition without written order on the findings of the trial court without a hearing on May 12, 2004.  Id., No. 57,734-02 at cover.  Ha filed the instant federal Petition for a Writ of Habeas Corpus by a Person in State Custody on June 29, 2004.  (Docket Entry No. 1)  In his federal petition Ha raises the following eleven grounds for relief:

   1.  the prosecutor violated his duties under Brady v. Maryland by not calling the unidentified informant or Officer Luke Ngo as a witness to testify;

   2.  the trial court abused its discretion in not ordering the State to disclose to Ha the identity of the unidentified informant;

   3.  the prosecutor violated Ha's Sixth Amendment right to compulsory service by failing to call the unidentified informant or Officer Ngo as a witness;

   4.  the prosecutor denied Ha's Sixth Amendment rights to confrontation and cross-examination by not calling the unidentified informant or Officer Ngo to serve as a witness;

   5.   a suggestive photo line-up violated Ha's Fourteenth
        Amendment rights to due process;

   6.   the prosecutor violated the Fifth Amendment by
        improperly commenting on Ha's failure to testify at
        trial;

   7.   Ha's own attorney violated Ha's Fifth Amendment
        right by commenting on Ha's failure to testify;

   8.   the evidence to support Ha's conviction is
        insufficient;

   9.   Ha's attorney rendered ineffective service because
        he commented on Ha's failure to testify, thereby
        opening the door for the prosecutor to comment on
        Ha's silence;

   10.  Ha's attorney was ineffective for failing to
        investigate all aspects of the case; and

   11.  Ha's attorney was ineffective for failing to file a
        timely motion to quash the indictment on statute of
        limitations grounds.

(Id. at 7 through unnumbered p. 10.)

## II.   Motion for Summary Judgment

### A.   Summary Judgment Standard of Review

Respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. The moving party is entitled to judgment as a matter of law if there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). The party moving for summary judgment bears the initial burden of proving the absence of any genuine issues of material fact. FED. R. CIV. P. 56(e); Celotex, 106 S. Ct. at 2552. Once the movant has met this burden,

the non-movant must establish that there is a genuine issue for trial. Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998). If the non-movant is unable to meet this burden, the motion for summary judgment will be granted. FED. R. CIV. P. 56(c).

**B.     AEDPA Standard of Review**

Petitioner's federal habeas corpus petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to non-capital habeas corpus petitions filed after April 24, 1996. Lindh v. Murphy, 117 S.Ct. 2059, 2063 (1997); Green v. Johnson, 116 F.3d 1115, 1119 (5th Cir. 1997). Under the AEDPA federal relief cannot be granted on claims already adjudicated on the merits in state court unless the adjudication of the claims

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Texas Court of Criminal Appeals has held that a "denial" signifies that the court addressed and rejected the merits of a particular claim, while a "dismissal" signifies that the court did not consider the merits of the claim. Ex parte Torres, 943 S.W.2d

469, 472 (Tex. Crim. App. April 16, 1997). Because the Texas Court of Criminal Appeals denied Ha's state writ instead of dismissing it, the state adjudicated the writ on its merits. Therefore, in order to obtain federal relief, Ha must show that the court's decision satisfies a criteria contained in 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law established in Supreme Court cases, or if it involves a set of facts that are materially indistinguishable from a decision of the Supreme Court and arrives at a result different from the Court's precedent. Early v. Packer, 123 S. Ct. 362, 365 (2002). A state court unreasonably applies the Supreme Court's precedent if it identifies the correct governing legal rule from the Court's cases, but unreasonably applies it to the facts of the particular state prisoner's case. Williams v. Taylor, 120 S. Ct. 1495, 1518 (2000).

A state court decision will not be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 123 S. Ct. 1029, 1033 (2003). A federal court must presume the state court findings to be correct unless the petitioner can establish the unreasonableness of the findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see also Miller-El, 123 S. Ct. at 1036.

## III. Analysis

**A. Claims One, Two, Three, and Four: Failure of the Prosecutor to Call the Unidentified Informant and Officer Ngo as Witnesses**

### 1. Claim 1: *Brady* Violation

Ha claims that his Brady rights were violated when the prosecutor did not call the unidentified informant and Officer Luke Ngo, who both assisted in the investigation linking Ha to the robbery, as witnesses to testify at trial. (Docket Entry No. 1, p. 7)  In Brady v. Maryland, 83 S. Ct. 1194, 1196-97 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." In order to establish a Brady violation Ha must demonstrate that the prosecutor suppressed requested evidence, and that there is a reasonable probability that if the evidence had been disclosed, the result of the proceeding would have been different.  Kyles v. Whitley, 115 S. Ct. 1555, 1565 (1995).

Ha has not satisfied either Brady requirement.  The record indicates that the prosecutor did not know the identity of the informant.  (See Docket Entry No. 11, Reporter's Record Vol. 3, pp. 7-8)  Thus, the prosecutor did not suppress any evidence possessed by the State by failing to call the unidentified informant to testify.  The State is not required to pursue all

-6-

avenues of investigation and make a defendant's case for him. Johnston v. Pittman, 731 F.2d 1231, 1234 (5th Cir. 1984). Therefore, the State was not obligated to determine the identity of the informant.

It is also purely speculative to think that having the unidentified informant serve as a witness would have been beneficial to Ha.  Ha merely claims that the testimony "could have been favorable" to his defense.  (Memorandum in Support of Federal Writ of Habeas Corpus, Docket Entry No. 2, p. 3)  A court will not consider a petitioner's unsupported assertions to be of probative evidentiary value.  Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983).  Ha has not shown that the testimony of the unidentified informant or Officer Ngo would have changed the outcome of the trial.  Ha has therefore not established a Brady violation.

2.  Claim 2:  Disclosure of the Identity of the Informant

In his second claim Ha asserts that the court should have revealed the identity of the unknown informant.  In determining whether disclosure of a confidential informant is necessary, the court must consider (1) the level of the informant's involvement in the alleged illegal activity, (2) the degree to which disclosure will help an asserted defense, and (3) the government's interest in non-disclosure.  United States v. De Los Santos, 810 F.2d 1326, 1331 (1987).  Regarding the first factor, if the informant is a

"mere tipster" who did not participate in the alleged offense, no disclosure of his identity is required.  Id.; Bourbois v. United States, 530 F.2d 3, 3 (5th Cir. 1976).  As to the second factor, mere conjecture about the possible relevancy of the informant's testimony does not warrant disclosure.  De Los Santos, 810 F.2d at 1331.  The third factor relates to both the safety of the informant and the informant's future usefulness as a continuing confidential source.  Id.

In considering these three factors, it is clear that the State was not obligated to reveal the identity of the unknown informant. First, the informant was not present during the robbery.  (Docket Entry No. 11, Reporter's Record Vol. 3, p. 7)  Even if the State had known the identity of the informant, he was a "mere tipster" whose identity the State would not have been required to disclose. De Los Santos, 810 F.2d at 1331.  Second, Ha has not even alleged, much less proven, how the unidentified informant would have significantly helped his defense.  Because Ha's claim amounts to nothing more than mere conjecture or supposition, the State was not obligated to reveal the informant's identity.  Id.  Third, Ha has not proved that his interest in the disclosure of the informant's identity, had his identity been known by the State, would have outweighed the State's interest in protecting the safety and future usefulness of the informant.

3.  <u>Claims Three and Four:  Sixth Amendment Rights to Compulsory Service, Confrontation, and Cross-Examination</u>

Ha claims that the prosecutor "refused to allow" the unidentified informant and Officer Ngo to testify at trial, thereby violating his Sixth Amendment rights of compulsory service, confrontation, and cross-examination. (Docket Entry No. 2, p. 6) Although a defendant has the right to confront the witnesses against him, "the Government is under no duty to call witnesses even if they are informers." <u>United States v. Tatum</u>, 496 F.2d 1282, 1284 (5th Cir. 1974).

The State was not obligated to call the unidentified informant to testify at trial. <u>Tatum</u>, 496 F.2d at 1284; <u>Craig</u>, 110 S. Ct. at 3157. Furthermore, the prosecution is not required to subpoena anyone for the benefit of the defense. Ha had the chance to call Officer Ngo as a witness during pretrial hearings or the trial itself, but failed to exercise this opportunity. As such, he waived any right to complain about the lack of Ngo's testimony.

Ha's Sixth Amendment claims are also conclusory. "Mere conclusory statements do not raise a constitutional issue in a habeas case." <u>Schlang v. Heard</u>, 691 F.2d 796, 799 (5th Cir. 1982). Aside from asserting that the outcome of the trial would "more than likely" have been different if the unidentified informant and Officer Ngo had testified, Ha offers little evidence and no affidavits to support his claims. (See Docket Entry No. 2, p. 9.)

Thus, Ha's conclusory claims have no probative value.  <u>Ross</u>, 694 F.2d at 1011.  For these reasons, Ha's third and fourth claims lack merit.

**B.     Claim 5:    Suggestive Photo Line-Up**

In his fifth claim Ha argues that the photo lineup used by law enforcement officials was "improper and prejudicial" because the complainant, Andrew Phan, was instructed to look at the name "Thanh Quan Ha."  (Docket Entry No. 1, unnumbered p. 9)  To determine whether an identification was so improperly procured that it denied a defendant due process, the court must consider (1) whether the out-of-court identification procedures were impermissibly suggestive, and (2) whether this suggestive procedure gave rise to a very substantial likelihood of irreparable misidentification. <u>Simmons v. United States</u>, 88 S. Ct. 967, 971 (1968); <u>Delk v. State</u>, 855 S.W.2d 700, 706 (Tex. Crim. App. 1993).  The burden is on the defendant to prove these elements by clear and convincing evidence. <u>Delk</u>, 855 S.W. at 706.

Similar to his Sixth Amendment claims, Ha's claim about a suggestive photo lineup is conclusory absent evidence in the record. A court cannot consider a petitioner's unsupported assertions to be of probative evidentiary value.  <u>Ross</u>, 694 F.2d at 1011.  Ha says that the photo array was "very suggestive" and that it probably resulted in "irreparable misidentification."  (Docket Entry No. 2,

p. 10)   However, aside from mere speculation, Ha does not explain or provide evidence how the photo array was prejudicial.  Ha has thus not proved that the photo line-up was suggestive by clear and convincing evidence.

Furthermore, the state appellate court ruled on the identification procedure, finding that it was neither suggestive nor unreliable.   Ha v. State, 2001 WL 764968 at *2-4.   Factual determinations made by a state court are entitled to a presumption of correctness on federal habeas review.  See Self v. Collins, 973 F.2d 1198, 1203-04, 1214 (5th Cir. 1992).   Therefore, since the state court already found the identification procedure to be non-prejudicial, Ha's claim is not cognizable in this federal action.

**C.   Claim Six:   Comments on Ha's Failure to Testify**

In his sixth claim Ha asserts that his Fifth Amendment rights were violated when the prosecutor commented on his failure to testify at trial.   In the defense summation Ha's attorney stated that it would be "ridiculous" for Ha to testify because the prosecution did not have a viable case.   (Docket Entry No. 11, Reporter's Record Vol. 5, p. 22)   In his closing argument the prosecutor replied that "Mr. Ha did not testify in this case because he's guilty." (Id. at 46.)

The Fifth Amendment prohibits commenting on a defendant's failure to testify. Griffin v. California, 85 S. Ct. 1229,

-11-

(1965). However, this rule may be waived by the action of counsel at trial. Taylor v. Illinois, 108 S. Ct. 646, 657-58 (1988). In addition, the defendant must show that the comment regarding the failure to testify had a clear effect on the decision of the jury. United States v. Rocha, 916 F.2d 219, 232 (5th Cir. 1990).

To constitute a due process violation a prosecutor's comments must have been more than simply undesirable, instead rendering the result of the trial as fundamentally unfair. Darden v. Wainwright, 106 S. Ct. 2464, 2471 (1986). Furthermore, when the prosecutor's comments regarding the defendant's failure to testify are in response to argument initiated by the defense, the defendant's Fifth Amendment rights are not violated. See United States v. Falsia, 724 F.2d 1339, 1342 (9th Cir. 1983). Indeed, the defendant opens the door to the prosecutor by attempting to (1) explain why he remained silent, or (2) otherwise minimize the significance of his silence. See Franks v. State, 574 S.W.2d 124, 127 (Tex. Crim. App. 1978); Hunter v. State, 956 S.W.2d 143, 145 (Tex. App. -- Amarillo 1997, pet. ref'd). In this case Ha's attorney attempted to explain why Ha did not testify. (See Docket Entry No. 11, Reporter's Record Vol. 5, p. 2.)

In addition, where the prosecution's evidence against the defendant is strong an impermissible comment on the failure to testify may be harmless error. See United States v. Griffith, 118 F.3d 318, 325-26 (5th Cir. 1997). Unless a federal habeas corpus

petitioner can show that the prosecutorial comment substantially contributed to the petitioner's conviction, the error will be deemed harmless. Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993).

The prosecutor's comments in this case did not result in substantial prejudice to Ha.  First, as the state court correctly ruled, the defense invited the prosecution's comments by broaching the topic of Ha's failure to testify. Ha v. State, 2001 WL 764968 at *3-4.  Second, the trial court gave prompt instructions to disregard the prosecutor's remarks on the topic, thereby mitigating any improper influence from the remarks. See Nethery v. Collins, 993 F.2d 1154, 1159 (5th Cir. 1993) (any harm from prosecutor's improper argument was cured by trial court's instruction to disregard).  A jury is presumed to follow a court's instructions to disregard inadmissible evidence. Greer v. Miller, 107 S. Ct. 3102, 3109 n.8 (1987).

Third, as the state appellate court concluded, the evidence supporting Ha's conviction was substantial. See Ha v. State, 2001 WL 764968 at *3.  With no suggestive comments from the police officers, the complainant positively identified Ha with certainty. (See Docket Entry No. 11, Reporter's Record Vol. 3, pp. 55, 59, 108; Vol. 4 at 18.)  Furthermore, complainant's account of the robbery was supported by physical evidence, including bullet casings found at the crime scene and the bullet removed from Phan's leg.  (Id., Vol. 3 at 194; Vol. 4 at 35-36.)  Therefore, even if there was a

violation of Ha's Fifth Amendment rights, it was harmless because the evidence against Ha was so strong.  For these reasons, Ha's claim concerning an impermissible comment on his failure to testify lacks merit.

**D.    Claim 8:   Sufficiency of the Evidence**

Ha contends that there is "no evidence to support the armed robbery conviction."  (Docket Entry No. 1, unnumbered p. 9)  When a petitioner challenges the sufficiency of the evidence, the court may not grant habeas corpus relief unless it finds "that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  Jackson v. Virginia, 99 S. Ct. 2781, 2791-92 (1979).  The Jackson inquiry does not focus on whether the trier of fact made the correct decision as to guilt or innocence but on whether it made a rational decision to convict or acquit.  Herrera v. Collins, 113 S. Ct. 853, 861 (1993).

In light of the evidence used to convict Ha in trial court, Ha's claim lacks merit.  The jury heard testimony from the complainant, who had observed Ha in good lighting at close range and got a "real good" look at him. (See Docket Entry No. 11, Reporter's Record Vol. 3, pp. 30-36, 193-94.)  The complainant was able to identify Ha in the photo line-up with certainty.  (Id., Vol. 3 at 55, 59, 108; Vol. 4 at 18.)  Furthermore, the complainant's testimony was supported by physical evidence.  (Id., Vol. 3 at 194;

Vol. 4 at 35-36.) This is enough evidence for a trier of fact to have made a rational decision to convict Ha of aggravated robbery. See Ha v. State, 2001 WL 764968 at *3. Therefore, the Jackson standard was satisfied, and Ha's claim must fail.

### E. Claims Seven, Nine, Ten, and Eleven: Ineffective Assistance of Counsel

In claims seven, nine, ten, and eleven Ha makes three different assertions of ineffective assistance of counsel: (1) Ha's attorney commented on Ha's failure to testify, thereby opening the door for the prosecution to comment on the same topic; (2) Ha's attorney failed to investigate all aspects of the case, including the allegedly suggestive photo lineup; and (3) Ha's attorney failed to file a motion to quash the indictment.

In order to establish a credible claim of ineffective assistance of counsel a defendant must show that counsel's performance was deficient, and that the deficient performance prejudiced the defendant. Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984). The failure to demonstrate deficient performance or actual prejudice is fatal to a claim of ineffective counsel. Green v. Johnson, 160 F.3d 1029, 1035 (5th Cir. 1998).

To satisfy the first prong of Strickland the defendant must show that counsel's representation fell below an objective standard of reasonableness prevailing at the time counsel rendered performance. Bryant v. Scott, 28 F.3d 1411, 1414 (5th Cir. 1994).

-15-

A defendant does not have the right to perfect or errorless representation. Bridge v. State, 726 S.W.2d 558, 571 (Tex. Crim. App. 1986). Furthermore, judicial scrutiny of counsel's performance must be highly deferential, with a strong presumption in favor of finding that counsel rendered adequate performance. Strickland, 104 S. Ct. at 2065; West v. Johnson, 92 F.3d 1385, 1400 (5th Cir. 1996). A mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment if the error had no effect on it. Strickland, 104 S. Ct. at 2066. In addition, in order to avoid second-guessing counsel's actions after-the-fact, every effort must be made to eliminate the "distorting effect of hindsight." Id. at 2065.

To satisfy the second prong of Strickland, the defendant must show that there is a reasonable probability that, if not for counsel's errors, the result of the trial would have been different. Id. at 2068. The prejudice inquiry focuses on whether counsel's performance renders the result of the trial fundamentally unfair. Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993). Unfairness does not result if the deficiency of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. Id. Anything short of an appreciable showing of prejudice is insufficient to satisfy the second prong of Strickland. Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994).

1. <u>Claims Seven and Nine:  Counsel's Comment on Ha's Failure to Testify</u>

Ha's claim that his attorney's comment on his failure to testify at trial led to his conviction is conclusory.  As previously stated, there is strong evidence that Ha was guilty of aggravated robbery.  Other than making an assertion that his attorney's comment "undoubtedly contributed to the conviction" and "prejudiced the outcome of the trial" (Docket Entry No. 2, pp. 15-16), Ha presents no further evidence to show that the result of the trial would have been different had his attorney not made the comment.  Such assertions have no evidentiary value.  <u>Ross</u>, 694 F.2d at 1011.  Therefore, Ha's claims do not satisfy the second prong of <u>Strickland</u>, and must be dismissed.

2. <u>Claim Ten:  Counsel's Failure to Investigate the Case Sufficiently</u>

Ha's claim that his attorney failed to adequately investigate all aspects of the case is also conclusory and without merit.  In order to establish ineffective assistance of counsel on such grounds, Ha must state with specificity what a more thorough investigation would have revealed, and how it would have changed the outcome of the trial.  <u>Nelson v. Hargett</u>, 989 F.2d 847, 850 (5th Cir. 1993).

Ha has done little but make unsupported assertions that his attorney failed to investigate all aspects of his case, and that

this led to his conviction.  He provides no further evidence that his attorney did not conduct a thorough investigation, and he provides no details as to what a more comprehensive investigation would have uncovered or how it would have changed the outcome of the trial.  Therefore, Ha has not established that his attorney inadequately investigated the case.  Because Ha failed to provide evidence that his attorney's performance was deficient or that his attorney's alleged failure to fully investigate the case prejudiced the outcome in any way, his claim does not satisfy either of the <u>Strickland</u> prongs.

    3.   <u>Claim Eleven:  Counsel's Failure to File a Motion to Quash the Indictment</u>

Ha claims that his indictment was barred by the statute of limitations, and that his attorney was ineffective for failing to file a motion to quash it.  (Docket Entry No. 1 at unnumbered p. 10)  This claim has not been exhausted because it was never raised before the Texas Court of Criminal Appeals.

Under the AEDPA a petitioner who is in custody pursuant to a judgment of a state court is required to exhaust state habeas corpus remedies before seeking federal habeas relief.  28 U.S.C. § 2554(b)-(c).  A Texas prisoner will satisfy the exhaustion requirement if he fairly presents to the Texas Court of Criminal Appeals the substance of his claims before the state court, either in a petition for discretionary review or in a petition for writ of

habeas corpus. Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985). See Picard v. Connor, 92 S. Ct. 509, 513 (1971); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1988); Vela v. Estelle, 708 F.2d 954, 958 (5th Cir. 1983).

Ha raised his eleventh claim for the first time in his Petitioner's Addendum and Memorandum of Law to His Writ of Habeas Corpus, which he filed with the Texas Court of Criminal Appeals. (See Petition, Docket Entry No. 1 at unnumbered page 10; Docket Entry No. 2, addendum.) However, a late-filed supplement to a state application for a writ of habeas corpus does not properly present a claim in the Court of Criminal Appeals. See Wheat v. Johnson, 238 F.3d 357, 361 (5th Cir. 2001); Ex parte Simpson, 136 S.W.3d 660, 661 (Tex. Crim. App. 2004). In state habeas actions the original filing of evidence in the Texas Court of Criminal Appeals, rather than in the convicting court, is not permitted. Simpson, 136 S.W.3d at 661. Because Ha did not properly raise his eleventh claim before the state courts, it is barred.

Notwithstanding Ha's failure to exhaust his eleventh claim, counsel cannot be deemed ineffective for failing to make futile motions or objections. Koch v. Puckett, 907 F.2d 504, 527 (5th Cir. 1990). During the trial, co-defendant Nguyen's attorney made a motion to quash the indictment on statute of limitations grounds, and the trial court denied the motion. (Docket Entry No. 11, Reporter's Record Vol. 2, p. 5) Therefore, it would have been

futile for Ha's attorney to raise the very same argument. As such, Ha cannot prove either of the Strickland prongs in regard to his eleventh claim, and it must be dismissed.

## IV.  Conclusion and Order

Because Ha has failed to establish sufficient grounds for habeas corpus relief on any of his eleven claims, Respondent's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**. Ha's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 15th day of July, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE